IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| JOHN RUFF, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | No. 2:25-cv-02721-SHL-atc |
| ) | |
| BROOKE ROLLINS, et al., ) | |
|     Defendants. ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION AND
GRANTING SHELBY COUNTY DEFENDANTS' AND
STATE DEFENDANTS' MOTIONS TO DISMISS**

Before the Court is Magistrate Judge Annie T. Christoff's Report and Recommendation on the Shelby County Defendants' and the State Defendants' Motions to Dismiss ("R&R"), filed January 30, 2026. (ECF No. 55.) The R&R addresses two motions to dismiss. (Id. at PageID 732.) The first is by Defendants Shelby County Government and Shelby County Attorney Marlinee Iverson (collectively, "Shelby County Defendants"). (Id.) The second is by Defendants State of Tennessee, Shelby County Chancery Court, and Chancellor James Newsom, in his official capacity (collectively, "State Defendants"). (Id.) The R&R recommends that the Court grant both motions to dismiss, dismissing these two groups of Defendants.[1] (Id. at PageID 733.) Plaintiff John Ruff filed his objections to the R&R on February 13. (ECF No. 56.)

For the reasons stated below, the Court **ADOPTS** the R&R and **GRANTS** the Shelby County Defendants' and the State Defendants' motions to dismiss.

---

[1] A forthcoming Report and Recommendation will address the additional motions to dismiss by the remaining Defendants, namely, the EEOC, the United States Navy, and the USDA. (ECF No. 55 at PageID 743 n.4.)

## BACKGROUND

Ruff alleges violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. ("Title VII"), and the Americans with Disabilities Act, 42 U.S.C. §§ 12112 et seq. ("ADA"), arising from his termination from the United States Department of Agriculture ("USDA") for sexual harassment. (Id.) Specifically, he alleges that he was fired for "simply asking a female coworker out for breakfast after work on October 27, 2017." (Id.; ECF No. 10-1 at PageID 195.)

The R&R recommends dismissing Ruff's claims against both groups of Defendants. As to the Shelby County Defendants, the magistrate judge was "unable to find any specific claims or allegations" in the amended complaint against them. (ECF No. 55 at PageID 734.) Ruff's claims, such as they are, only arise from Chancellor Newsom's 2025 refusal to remove a permanent injunction entered by Chancellor Floyd Peete in 1992. (Id. at PageID 734.) That permanent injunction prohibits Ruff from "'hitting, beating, striking, threatening, cursing, coming about, [telephoning,] communicating, or attempting to communicate' with Ethel and Jeremy Beaver." (Id.; ECF No. 10-2 at PageID 290.) Ruff vaguely faults Chancellor Newsom for not removing the injunction and faults the Chancery Court for not providing him with a copy of a court document. (Id. at PageID 738.) But the Chancellor is an employee of the state, not of the county, and the Chancery Court is likewise a state entity. (Id.) Thus, because Ruff states no plausible claim against the Shelby County Defendants, the R&R recommends granting their motion to dismiss. (Id.)

The R&R also recommends dismissing Ruff's claims against the State Defendants because the Eleventh Amendment grants sovereign immunity to the State of Tennessee for the monetary and retrospective relief Ruff seeks. (Id.) The R&R also points out that Ruff brings no claims against Chancellor Newsom in his individual capacity. (Id. at PageID 739–40.) Finally,

2

the R&R reasons that Ruff's claims are further barred by the Rooker-Feldman doctrine because, "at their core, Ruff's claims against the State Defendants are an attempted appeal from the proceedings before Chancellor Newsom and an effort to collaterally attack issues decided in Chancery Court." (Id. at PageID 742.) Thus, the R&R recommends granting the State Defendants' motion to dismiss, as well. (Id. at PageID 743.)

Ruff raises two objections to the R&R (ECF No. 56), which are analyzed below.

## ANALYSIS

A magistrate judge may submit to a judge of the court proposed findings of fact and recommendations for dismissal of a complaint. 28 U.S.C. § 636(b)(1)(B). "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1) (2017). A district court reviews de novo only those proposed findings of fact or conclusions of law to which a party specifically objects; the rest are reviewed for clear error. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

"The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." Cole v. Yukins, 7 F. App'x 354, 356 (6th Cir. 2001). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." Aldrich v. Bock, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004).

Here, Ruff first objects that the Court "unfairly and unlawfully" referred his case under Administrative Order No. 2013-05 to Magistrate Judge Christoff without his consent. (ECF No. 56 at PageID 745–46.) He further asserts that Magistrate Judge Christoff has a "conflict of

3

interest" because she once clerked for District Judge Jon McCalla, whom Ruff accuses of bias against him. (Id.) As to his allegation of a "conflict of interest," this objection is vague, conclusory, and completely without merit. As to his assertion that the Court may not lawfully refer a case to a magistrate judge, the objection is likewise baseless. Under Federal Rule of Civil Procedure 72(b)(1), a magistrate judge has jurisdiction, even "without the parties' consent," to "hear a pretrial matter dispositive of a claim" and "enter a recommended disposition," as has occurred here. Ruff had the opportunity to file objections to that recommendation, and he has done so. The Court's administrative order referring this case to Magistrate Judge Christoff is lawful.

Second, he objects that the R&R "omitted favorable material facts" about the case, and he lists some details that, according to him, the magistrate judge should have mentioned. (Id. at PageID 746.) For example, he asserts that Chancellor Newsom once "appeared to evade service of process," and that the sexual harassment allegations against him were "completely false," in addition to other allegations not included in the R&R. (Id. at PageID 747.) But this objection highlights the absence of facts that, even if mentioned, would not have affected the legal conclusions of the R&R. The magistrate judge analyzed all material facts, but was not required to mention every allegation in a sprawling complaint.

Having reviewed de novo the conclusions of the R&R to which Ruff objects and finding no error, and having reviewed the remainder of the R&R and finding no clear error, the Court **ADOPTS** the R&R.

## CONCLUSION

Therefore, the Court **ADOPTS** the R&R, **GRANTS** the Shelby County Defendants' Motion to Dismiss (ECF No. 18), and **GRANTS** the State Defendants' Motion to Dismiss (ECF

No. 20).

**IT IS SO ORDERED,** this 6th day of March, 2026.

                                                 s/ Sheryl H. Lipman
                                                 SHERYL H. LIPMAN
                                                 CHIEF UNITED STATES DISTRICT JUDGE