**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| JOHN RUFF,<br>Plaintiff,<br><br>v.<br><br>BROOKE ROLLINS, et al.,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 2:25-cv-02721-SHL-atc |

**ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING CASE**

Before the Court is Magistrate Judge Annie T. Christoff's Report and Recommendation and Order on Pending Motions ("R&R"), filed August 7, 2026. (ECF No. 60.) The R&R untangled a web of motions and briefs, which are discussed below. For the following reasons, the R&R is **ADOPTED** and this case is **DISMISSED**.[1]

**BACKGROUND**

Pro se Plaintiff John Ruff filed this lawsuit in July 2025, alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans with Disabilities Act ("ADA"), by the United States Department of Agriculture ("USDA") in connection with his termination for sexual harassment. (ECF Nos. 2, 10-1.) He asserts that the USDA fired him after he "simply ask[ed] a female coworker out for breakfast after work on October 27, 2017." (Id.; ECF No. 10-1 at PageID 195.) As the R&R accurately notes, Ruff "also alleges a more-than-three-decades old, difficult to follow, and wide-ranging conspiracy relating to his discharge from the Navy in 1988, state court proceedings from 1992, and federal court proceedings during the 1990s." (ECF

[1] As explained at the end of this Order, some claims are dismissed with prejudice while others are dismissed without prejudice.

No. 60 at PageID 834 (citing ECF No. 10-1 at PageID 202–08).)

Based on these allegations, Ruff sued U.S. Secretary of Agriculture Brooke Rollins, the U.S. Department of Agriculture, Agriculture Marketing Service ("AMS"),[2] USDA employee Byron Cole (collectively, "USDA"), the State of Tennessee, the Shelby County Chancery Court, Chancellor James Newsom (collectively, "State Defendants"), the Shelby County Government, Shelby County Attorney Marlinee Iverson (collectively, "Shelby County Defendants"), the U.S. Navy ("Navy"), the U.S. Equal Employment Opportunity Commission ("EEOC"), and attorney Bruce Smith. (See ECF No. 10-1 at PageID 188.)

This is the second R&R the Court has reviewed in this case. In March 2026, the Court adopted Judge Christoff's recommendation to grant the Shelby County Defendants' and the State Defendants' Motions to Dismiss. (ECF No. 57.) This is also not the first time Ruff has filed suit in the Western District of Tennessee. In 1996, the late District Court Judge Jon P. McCalla placed Ruff under filing restrictions due to his pattern of vexatious and frivolous litigation. (ECF No. 27-1.)

In the instant R&R, Judge Christoff recommends that the United States' Motion to Substitute as Defendant for Byron Cole (ECF No. 24) be granted, the EEOC's and the Navy's Motions to Dismiss (ECF Nos. 27–28) be granted, the USDA's Partial Motion to Dismiss (ECF No. 29) be granted, Ruff's Motion to Stay (ECF No. 39) be denied, Ruff's Motion for Default Judgment as to Smith (ECF No. 41) be denied, and the Clerk's related Entry of Default (ECF No. 44) be set aside. (ECF No. 60 at PageID 833, 852.) Judge Christoff also denied Ruff's Motion for Leave to Appoint Civil Counsel (ECF No. 53), ordered him to file an affidavit that complies with his filing restrictions by August 14, 2026—warning him in the process that failure to timely

[2] AMS is program of the U.S. Department of Agriculture.

"do so will result in the dismissal of this case as a sanction under Federal Rule 41(b) for failure to comply with Court orders"[3]—and ordered him to obtain adequate service on Smith by August 21, 2026.[4] (ECF No. 60 at PageID 852.)

A magistrate judge may submit to a judge of the court proposed findings of fact and recommendations that assist in the determination of certain pretrial matters. 28 U.S.C. § 636(b)(1)(A)–(B). "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1). A district court reviews de novo only those proposed findings of fact or conclusions of law to which a party specifically objects; the rest are reviewed for clear error. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Ruff's deadline to object to the R&R was August 21, 2026. To date, he has not filed any objections, and his time to do so has now passed. The Court therefore reviews the R&R for clear error and finds none.

## ANALYSIS

The Court first considers the R&R before turning to the few claims that survived the R&R.

### I. The R&R

The R&R contains no clear error. For example, Judge Christoff accurately found that the

[3] Magistrate judges usually only threaten to recommend dismissal as opposed to declaring that the Court will dismiss a case. But it is likely that Judge Christoff was referring to Judge McCalla's Order, which stated "[a]ny complaint submitted by plaintiff without the required . . . affidavit will not be filed but will be immediately returned to the plaintiff for failure to comply with this Order." (ECF No. 27-1 at PageID 478.) In other words, dismissal is the default sanction for Ruff failing to comply with his filing restrictions.

[4] Judge Christoff's ruling and orders on these issues do not require review. See Admin. Order No. 2013-05.

Westfall Act applies to Ruff's claim against Cole, supporting replacing Cole as defendant with the United States. (ECF No. 60 at PageID 840.) See Dolan v. United States, 514 F.3d 587, 592 (6th Cir. 2008) ("Upon the United States Attorney's certification, the employee is dismissed from the action, and the United States is substituted as defendant in place of the employee." (citation omitted)). She was also correct in finding that the Court lacks jurisdiction over Ruff's claim against the EEOC. (ECF No. 60 at PageID 842.) See Ruff v. Fed. Exp. Corp., 129 F.3d 1265, at *1 (6th Cir. 1997) (unpublished table decision) ("Since Title VII provides no cause of action against the EEOC for claims of procedural defects in handling employment discrimination complaints, Ruff's claims against the EEOC director lack a jurisdictional basis." (citation omitted)). And she rightly concluded that Ruff's claims against the Navy and some of his claims against the USDA are time barred.[5] (ECF No. 60 at PageID 843–45.) As for the recommendations to deny Ruff's Motion to Stay and Motion for Default Judgment, Judge Christoff was correct that Ruff provided no basis for staying this action and failed to show proper service. (Id. at PageID 845–46.)

Finding no clear error, the R&R **ADOPTED**. Thus, Ruff's only remaining claims are against the USDA for discrete discrimination acts occurring on or after September 18, 2017, and hostile work environment claims limited to the allegations that he presented to the EEO counselor. (ECF No. 29 at PageID 515–16.; ECF No. 60 at PageID 845.)

---

[5] In the USDA's Partial Motion to Dismiss, it conceded that some of Ruff's claims against it should be permitted to proceed. (ECF No. 29 at PageID 515–16.) Those discrete claims are for race-, sex-, and religious-based discrimination for acts occurring on or after September 18, 2017, and hostile work environment claims for those allegations that he presented to the EEO counselor. (Id.)

## II. Remaining Claims

Judge Christoff further recommended in the R&R that Ruff should be ordered to file a second amended complaint setting forth only his remaining claims against the USDA. (ECF No. 60 at PageID 845.) However, she also ordered Ruff to file an affidavit that complied with his filing restrictions. (Id. at PageID 852.) Ruff's deadline to file that affidavit was August 14, 2026. To date, he has not filed an affidavit, and his time to do so has now passed. Because Ruff failed to comply, he will not be permitted to file a second amended complaint, and his remaining claims against the USDA are instead **DISMISSED** for the reasons outlined below.

Under Federal Rule of Civil Procedure 41(b), a federal court may sua sponte dismiss a lawsuit for failure to comply with a court order. Steward v. City of Jackson, Tenn., 8 F. App'x 294, 296 (6th Cir. 2001) (citing Link v. Wabash R.R., 370 U.S. 626, 630 (1962)). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." Link, 370 U.S. at 629–30. When considering dismissal under Rule 41(b), the Sixth Circuit requires courts to consider: "(1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dilatory conduct of the party; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." Steward, 8 F. App'x at 296 (citation omitted).

The first two Rule 41(b) factors are slight lean towards dismissal. While it is unclear whether Ruff's "failure to cooperate is due to willfulness, bad faith, or fault," he has filed several responsive briefs in this case yet has not filed the required affidavit. Thus, he bears at least some level of fault. Even still, it is unlikely that much prejudice flows to the USDA since it only

sought to partially dismiss Ruff's claims. See Carter v. City of Memphis, Tenn., 636 F.2d 159, 161 (6th Cir. 1980) (finding no prejudice under Rule 41(b) where the defendant failed to "move for dismissal on the ground of plaintiff's noncompliance").

That said, the third factor heavily favors dismissing this case. Judge Christoff warned Ruff that dismissal would result if he did not file an affidavit that complied with his filing restrictions. (ECF No. 60 at PageID 852.) What is more, her warning could not have taken Ruff by surprise given that he acknowledged these restrictions at least twice in this case, as evidenced by his briefs arguing that they no longer apply.[6] (ECF No. 34 at PageID 575–77; ECF No. 46 at PageID 695–96.) Simply put, Ruff was provided fair notice yet failed to act. Cf. Carpenter v. City of Flint, 723 F.3d 700, 708 (6th Cir. 2013) (explaining that boilerplate or routine language "is not the type of notice sufficient to apprise a party of the possibility of dismissal" (citation omitted)).

The question then becomes whether a sanction other than dismissal is appropriate here. The answer is "no." As Judge McCalla explained, "Ruff's habitual abuse of the right of seeking redress from this court warrants measures to prevent further abuse." (ECF No. 27-1 at PageID 476.) To ensure Ruff still had "access to the courts," Judge McCalla required Ruff to file a motion requesting permission to sue along with an affidavit before filing new lawsuits. These requirements are not onerous. The affidavit merely requires Ruff to acknowledge that:

> a) he has read and understood Rule 11 of the Federal Rules of Civil Procedure;
> b) that the complaint contains claims he knows to be reasonably based in law and fact;
> c) that he is aware that filing any further frivolous actions will result in the imposition of sanctions by the court; and,
> d) that either:
> > 1) none of the defendants to the new action were defendants in any

[6] Judge Christoff thoughtfully considered Ruff's arguments on this point and rejected them. (Id. at PageID 850–52.)

> previous action that was dismissed as frivolous; OR
> 2) that some of the defendants to the new action were defendants in a previous action that was dismissed as frivolous, but that the plaintiff has compared the claims in the frivolous case with the claims in the new case, and that he does not seek to sue those defendants on any claims that could have been litigated in that case.
>
> e) The affidavit shall further certify that he has been sanctioned by this court in this case, and state the style, jurisdiction, and docket number of this action.

(Id. at PageID 477–78.) The Sixth Circuit affirmed these very restrictions. Ruff v. Gilless, 121 F.3d 709, at *1 (6th Cir. 1997) (unpublished table decision) ("[W]e approve the district court's measures to curb further abuses of the court system." (citations omitted)).

Given Ruff's history, his failure to comply with Judge Christoff's Order—and in turn, his filing requirements—is not just a run-of-the-mill mishap. It is rather another example of Ruff's abuse of the judicial process. So, any sanction other than dismissal under Rule 41(b) would be inappropriate here. Cf. Wu v. T.W. Wang, Inc., 420 F.3d 641, 644 (6th Cir. 2005) ("[D]ismissal of an action is a harsh sanction which the court should order only in extreme situations." (quoting Little v. Yeutter, 984 F.2d 160, 162 (6th Cir. 1993)).

And even if the Rule 41(b) factors did not favor dismissing this case, it is important to note that dismissal is the default sanction prescribed to Ruff under these circumstances. As Judge McCalla explained:

> Any complaint submitted by [Ruff] without the required motion and affidavit will not be filed but will be immediately returned to the plaintiff for failure to comply with this Order. Furthermore, the court will then impose further sanctions against [Ruff], including a further monetary fine, which may be collected by appropriate process.

(ECF No. 27-1 at PageID 478; see also id. at PageID 479 ("Lest Ruff somehow convince himself that the court is not serious in entering this Order, the court reiterates that a violation of this Order will result in the imposition of a serious fine and possibly a jail sentence for contempt of

court.”).)[7] Because Ruff has failed to comply with a court order despite being on notice, his remaining claims are **DISMISSED**.

## CONCLUSION

For the reasons stated above, the R&R is **ADOPTED** and this case is **DISMISSED**. Specifically, Ruff’s claims against the Navy are **DISMISSED WITH PREJUDICE** because they are time barred; his claims against the EEOC are also **DISMISSED WITH PREJUDICE** because they lack a jurisdictional basis; and his remaining claims against the USDA and Bruce Smith are **DISMISSED WITHOUT PREJUDICE** under Rule 41(b) for failure to comply with Court orders.

**IT IS SO ORDERED,** this 28th day of September, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE

[7] With the full threat of monetary sanctions and criminal contempt in mind, perhaps dismissal is the lesser sanction under these circumstances.